UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JAMIE M. WELLS,

        Plaintiff,

  -v-                                            No. 18-CV-11278-LTS-OTW

LOFTEY LLC,

        Defendant.

-------------------------------------------------------x

## ORDER

The above-captioned action was removed from New York state court on December 4, 2018. (Docket Entry No. 1.) Since then, Plaintiff has failed to prosecute his case. On December 11, 2018, Defendant moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to the federal Fair Housing Act. (Docket Entry No. 4.) Plaintiff failed to oppose Defendant's motion. On February 26, 2019, Defendant filed a letter informing the Court that Plaintiff had "decided to cancel the case against Loftey." (Docket Entry No. 15.) The next day, Magistrate Judge Wang ordered Plaintiff to "file a response to Defendant's letter by March 20, 2019." (Docket Entry No. 19.) Plaintiff never filed a response. On April 1, 2019, Magistrate Judge Wang issued an Order to Show Cause directing Plaintiff to "submit a letter on or before May 1, 2019 explaining why the Court should not recommend that this action be dismissed for failure to prosecute." (Docket Entry No. 21.) Again, Plaintiff failed to respond.

In light of Plaintiff's failure to respond to the dismissal motion and Judge Wang's orders, to the extent that Plaintiff's Complaint alleges a violation of the federal Fair Housing Act, 42 U.S.C. § 3601, Defendant's motion to dismiss is granted for substantially the reasons set forth

in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (docket entry no. 6). To the extent that Plaintiff's Complaint alleges discrimination under state or city law, the Court declines to exercise supplemental jurisdiction of those claims. See 28 U.S.C. § 1367(c)(3).

Defendant has also requested attorney's fees and costs under 42 U.S.C. § 3613(c)(2) because "plaintiff's claim is unreasonable and groundless." (Docket Entry No. 6 at 5.) Under Section 3613, it is within the Court's discretion to grant fees and costs to the "prevailing party." However, fees are "not routinely awarded to prevailing defendants unless a court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Taylor v. Harbour Pointe Homeowners Ass'n, 690 F.3d 44, 50 (2d Cir. 2012) (internal quotation marks omitted). While Defendant has demonstrated that Plaintiff is not entitled to relief under federal law, the Court cannot conclude that Plaintiff's claims were "frivolous, unreasonable, or groundless," particularly in this case, where Plaintiff is proceeding pro se, commenced the litigation in state court, and has alleged a colorable state-law claim. Further, Plaintiff did not "continue[] to litigate" after it became clear to him that his federal claim would be unsuccessful. To the contrary, Plaintiff proactively attempted to abandon the litigation shortly after the case was removed to federal court, and before the deadline to oppose Defendant's motion to dismiss had elapsed. (See Docket Entry No. 15.) Therefore, Defendant's request for attorney's fees and costs is denied.

Docket Entry No. 4 is resolved. The Clerk of Court is respectfully requested to enter judgment dismissing Plaintiff's federal Fair Housing Act claim and declining to exercise jurisdiction of his state- and local-law claims, and close this case.

SO ORDERED.

Dated: New York, New York
May 8, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to:**
Jamie M. Wells
133 Pitt Street, Unit #404
New York, NY 10002